UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

| | | |
|---|---|---|
| HEART LAND DRILLING, IN | * | CIVIL ACTION |
| | * | |
| VS. | * | NO. 2014-CV-00077 |
| | * | |
| TREATY ENERGY CORPORATION | * | |
| | * | SECTION   C |
| | * | |

*******************************************

## ANSWER AND COUNTERCLAIM

Now into court, through undersigned counsel, comes Treaty Energy Corporation ("Treaty") and answers the Original Complaint (Petition) of Heart Land Drilling Company ("Heart Land") as follows:

**First Defense**: The Complaint of Heart Land fails to state a claim upon which relief can be granted.

**Second Defense:** The Complaint of Heart Land is barred by principles of equitable, judicial and collateral estoppel.

**Third Defense:** The Complaint of Heart Land fails to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**Fourth Defense:**   And now answering the allegations of the Compliant, Treaty responds as follows:

1. The allegations of paragraph 1 require no answer.

2. The allegatons of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are denied and Treaty avers that the documents sought to be sued-upon are the best evidence of their content; Treaty denies the substantive allegations on the remainder of paragraph 5.

6. The allegations of paragraph 6 are denied and Treaty avers that the documents sought to be sued-upon are the best evidence of their content; Treaty denies the substantive allegations on the remainder of paragraph 6.

7. The allegations of paragraph 7 are denied and Treaty avers that the documents sought to be sued-upon are the best evidence of their content; Treaty denies the substantive allegations on the remainder of paragraph 7.

8. The allegations of paragraph 8 are denied.

## **COMPULSORY COUNTERCLAIM**

9. Treaty brings Compulsory Counterclaim agains Heart Land as follows:

10. At all pertinent times, Treaty acted in good faith upon representations made by Heart Land and representatives of Heart Land which representations turned out to be untrue or partly untrue and as to which Treaty detrimentally relied.

11. During the course of the agreement, Treaty and Heart Land agreed to verbal modifications of the subject contract and the claims by Heart Land are therefore not extant and the litigation brought by Heart Land was therefore premature, frivolous and vexatious and would have been eliminated by reasonable parties working in a difficult business environment.

12. As to all issues, Treaty is entitled to and prays for a trial by Jury.

**Remainder of page left blank**

Respectfully submitted,

*[signature]*

HENRY L. KLEIN T.A.
844 Baronne Street
New Orleans, Louisiana 70113
(504) 586-9971
(504) 439-0488
henry@hlklawoffice.com